Affirmed and Memorandum Opinion filed August 12, 2003













Affirmed and
Memorandum Opinion filed August 12, 2003.

 

 

In The

Fourteenth Court of Appeals

_______________

NO. 14-02-00802-CV

_______________

VANESTA Y.
ADESINA, MICHAEL ANDERSON, EARVIN & ANDREA BAKER, DENNIS BATISTE, ANNIE CLARK,
EARNESTINE CLAYBOURNE, DAVID & YVONNE JONES, BRENDA MOORE, LISA MOORE, PAUL
& MAXINE NORRIS, GLORIA TAYLOR, YOLANDA BABINEAUX, EUGENE BARNES, JR.,
KAREN BARNES, DEBRA L. BRADLEY, DONYELL ELKINS, MELANEE GOODEN, ANTHONY &
AMANDA HALL, BRENDA I. HODGE, ANTHONY MONROE, TONI PALMER, KELVIN RAYME, WILMA
WILLIAMS, EDMUND GAINES, CHERYL Y. GAYDEN, DONNA MARTIN, FREDDIE L. TOLBERT,
JR., DAVID & SHARON WARREN, URSULA BOSTIC, VELMA MARIE DAUGHTRY, ANNE
DUFFIELD, QUINCY D. & MARY E. ROBINSON, DONNA HARRINGTON, DIAMOND JOHNSON,
CASSANDRA SHAW, KEITH & SHIRLEY NICHOLS, ANNETTE ANDREWS, WILFORD B.
BROUSSARD, RAMONA V. CAIN, BEVERLY A. GREEN, DENISE M. GREEN, REGINA A. PEAIR,
DANIELLE SCOTT, BERNARD W. WATTS, OLLIE BEDFORD, ALLAN M. & TIACHIA L.
BENNETT, VERONICA J. JACKSON, ELI E. & CHINETRIA L. MUHAMMAD, ROBIN SAM,
GERALD & CONNIE POPE, EZELL & MAE MONTGOMERY, and KENNETH & DEBRA
BYRANT, Appellants

V.

MILLENNIUM TITLE OF HOUSTON, L.C. f/k/a

MHI TITLE
COMPANY OF HOUSTON, L.C., Appellee

 








__________________________________________________

 

On Appeal from
the 268th District Court

Fort Bend County, Texas

Trial Court
Cause No. 107,892B

__________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            On various grounds, appellants
appeal a take-nothing summary judgment granted in favor of Millennium Title of
Houston, L.C. f/k/a MHI Title Company of Houston, L.C. (“MHI”).  We affirm.

            When appellants purchased their
properties in the Green Valley Estates residential subdivision, MHI conducted
the closings (the “closings”). 
Appellants later sued MHI, asserting negligence, breach of fiduciary
duty, and violation of the Deceptive Trade Practices Act (“DTPA”) and Insurance
Code.  These claims were based on
appellants’ allegations that: (1) MHI misrepresented to them at the closings
that they were moving into a new and separate subdivision that was not part of
the neighboring Ridgemont subdivision (“Ridgemont”) and that would have its own homeowners
association that would not be part of, or controlled by, the Ridgemont homeowners association (the “Ridgemont
CIA”); and (2) MHI knew of discrepancies regarding the status of Green Valley
Estates, the function of Ridgemont CIA, and the
status of title to the common areas and had a duty to disclose those
discrepancies to appellants, but failed to do so.[1]  MHI moved for summary judgment on several
grounds, including that there was no evidence[2] that it
made a false or misleading representation or failed to disclose anything it had
a duty to disclose.  The trial court
granted MHI a take-nothing summary judgment against all of appellants’ claims.

            As to the first of the foregoing
allegations, appellants’ brief cites no evidence to show that the alleged
statements by MHI were false, i.e.,
that Green Valley Estates was not a separate subdivision from Ridgemont or that it would not have a homeowners
association separate from Ridgemont CIA.  Rather, appellants acknowledge in their brief
that, although Green Valley Estates had previously been called “Ridgemont Section Six,” it was nevertheless a separate
subdivision from Ridgemont with its own declaration
of covenants, conditions, and restrictions (the “declaration”[3]).  In addition, although the homeowners
association for Green Valley Estates was, at the time of the closings,
designated to be the Ridgemont CIA, appellants’ brief
cites no evidence that MHI misrepresented this fact,[4] but only
evidence that MHI reflected it in closing statements and then further
acknowledged it to appellants when they asked about it.  Moreover, the record reflects that a separate
homeowners association was, in fact, thereafter created for Green Valley
Estates (the “Green Valley CIA”). 
Similarly, to whatever extent the period of time that transpired before
the Green Valley CIA was created was ultimately more than “temporary,” as MHI
had allegedly represented it would be, appellants’ brief cites no evidence that
any such statement was false or misleading based on the information available
at the time it was made.[5]

            With regard to appellants’
allegation that MHI failed to disclose “discrepancies regarding the status of
Green Valley Estates, the function of Ridgemont CIA
and the status of title to the common areas,” appellants’ brief cites no
authority that MHI had a duty to disclose any such information to the extent it
was contained in the declaration or other recorded instruments and cites no
evidence that MHI possessed any such knowledge beyond what was contained in
those materials.[6]  Nor does appellants’ brief cite any authority
imposing a duty on MHI to ascertain any such knowledge if MHI did not possess
it.  Therefore, appellants have not
demonstrated that the trial court erred in granting a no-evidence summary
judgment on these elements of their claims against MHI, and we need not address
their challenges to MHI’s other, alternative grounds
for summary judgment.  Accordingly, the
judgment of the trial court is affirmed.

 

 

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed August 12, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

 

 











[1]           Appellants do not assert claims
against MHI based on their title commitments, but only with regard to MHI’s actions in conducting the closings.  To the extent appellants’ brief alleges other
misrepresentations by MHI that were not alleged in their seventh amended
petition or supported by summary judgment evidence, those allegations present
nothing for our review.





[2]           After adequate time for discovery,
a party, without presenting summary judgment evidence, may move for summary
judgment on the ground that there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden
of proof at trial.  Tex. R. Civ. P. 166a(i).  The court must
grant the motion unless the respondent produces summary judgment evidence raising
a genuine issue of material fact.  Id.  In reviewing a no-evidence summary judgment,
we examine the record in the light most favorable to the nonmovants,
looking to see if they presented more than a scintilla of evidence raising a
genuine issue of material fact on the challenged elements of their claim.  See
Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex.
2002).  Inferences drawn only from other
inferences (i.e., rather than from
facts in evidence) are not legally sufficient evidence.  See Marathon
Corp. v. Pitzner, 106 S.W.3d 724, 728 (Tex. 2003).





[3]           For purposes of this opinion,
references to the “declaration” will include any amendments thereto.





[4]           Citing a “Planned Unit Development
Rider,” appellants’ brief contends that MHI “misrepresented to every Plaintiff
that the Buyer’s property was part of a planned unit development known as
‘Green Valley Estates’ which was holding title to the common areas.”  However, we find no language in this document
supporting any such allegation.





[5]           For example, an affidavit attached
to appellants’ summary judgment response indicates that formation of the Green
Valley CIA involved collecting signatures from 75% of the property owners in
that subdivision and an amendment to the declaration.





[6]           See, e.g.,
Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 479 (Tex. 2001)
(recognizing that the DTPA imposes no duty to disclose that which a defendant
didn’t know, even if he should have known it). 
To assume, as appellants contend, that MHI possessed knowledge merely by
reason of its corporate affiliation with one of the builders would be
speculation and no evidence of any such knowledge.  Nor does appellants’ brief cite any authority
or evidence allowing such knowledge to be imputed based on the nature of the relationship.  Similarly, although appellants’ brief
contends that MHI had a duty to assess the legal validity of the designation of
Ridgemont CIA as the homeowners association for Green
Valley Estates and thus the propriety of payments of fees and assessments to Ridgemont CIA, it cites no authority supporting imposition
of such a duty.